[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On September 10, 1996 the court dissolved the marriage of CT Page 7254 the parties and entered certain financial orders. At that time the court took under advisement the plaintiff's request for an allowance for counsel fees.
The court has considered the "respective financial abilities" of the parties and the criteria set forth in § 46b-82 of the General Statutes, as required by § 46b-62 of the General Statutes. Prior to the dissolution, the plaintiff's liquid assets were significantly greater than the defendant's. While it is true that the orders entered into at the time of dissolution require the plaintiff to pay to the defendant within 90 days the sum of $39,000, for the court to award counsel fees out of that sum would undermine the court's orders in that the payment by the plaintiff to the defendant was intended to be a fair measure of his interest in the present equity in the former family home. As such, the court believes that an award of counsel fees would constitute an abuse of its discretion under § 46b-62, C.G.S. See Turgeon v. Turgeon, 190 Conn. 269, 281 (1983).
Accordingly, the plaintiff's request for counsel fees is denied.
SHORTALL, J.